

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
**FILED**
VANESSA L. ARMSTRONG, CLERK
APR 25 2017
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:15CR-65-TBR |
| RICHARD WAYNE JOHNSON | DEFENDANT |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Richard Wayne Johnson, and his attorney, Laura Wyrosdick, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 2251(d)(1)(A), 2251(d)(2)(B), 2251(e), 2252A(a)(1), 2252A(a)(5)(B), 2252A(b)(1), and 2252A(b)(2). Defendant further acknowledges that the Indictment in this case seeks forfeiture, pursuant to 18 U.S.C. § 2253, of the following:

   a. Sandisk 1 GB card;
   b. Two Samsung Micro SD 2 GB cards;
   c. JVC full HD camcorder bearing serial number 137C2951;
   d. LG Sprint cell phone bearing serial number 208KPKN0261229;
   e. Sony digital 8 handy cam bearing serial number 463185;
   f. Sylvania 4 GB MP3 player;
   g. Dell Inspiron 3520 laptop bearing serial number 21290361229;
   h. HP laptop bearing serial number 5CD1386Q5R1823;
   i. LG LS940 cell phone; and
   j. all visual depictions which were produced, transported, mailed, shipped or received in violation of the law; all property, real and personal, used or intended to be used to commit or to promote the commission of the offense.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the charges in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> A Cybertip from AOL indicated that a user was transferring child pornography by e:mail. The e:mail traced back to Johnson. He transported child pornography *via* e:mail on January 19, 2012.
>
> Further review of Johnson's e:mail account (which he later admitted was his), traced to an online group where Johnson was posting requests for the trading of child pornography. One of the advertisements occurred on September 13, 2013. In the posts, Johnson included "albums" (folders filled with images of child pornography). He provided descriptions of the contents in the message – but a password was required to open the albums. Individuals interested in trading child pornography with Johnson had to contact him directly to obtain the password for Johnson's "album."
>
> Law enforcement officials executed a state search warrant at Johnson's home on or about September 17, 2013. Forensic examination of Johnson's computers, and other digital devices, revealed thousands of images of child pornography (still and video). He had obtained the child pornography from the Internet.
>
> Johnson engaged in all of the conduct described above while in Oldham County, Kentucky. The images transported, possessed and advertised involved the use of children under the age of 18 engaging in sexually explicit conduct.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 15 years, a combined maximum term of imprisonment of 70 years, a combined maximum fine of $750,000.00, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

Defendant understands that as a result of the charges to which he will plead guilty he will be ordered to forfeit, pursuant to 18 U.S.C. § 2253, the items outlined in numbered paragraph 1.

5. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et.seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

>    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.
>
>    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other

evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

       C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Defendant acknowledges that the crime to which he is pleading guilty is covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. No requests for restitution have been submitted at this point in time. Should a restitution request be submitted, the matter will be addressed at the time of sentencing. The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300.00 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing,

    - the United States will urge imposition of a sentence of 30 years' imprisonment and the defense will urge imposition of a sentence of 15 years' imprisonment.

    -the parties agree a life term of Supervised Release is the appropriate.

4

> - the United States will agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing – based upon a determination of his ability to pay – as set out in the Presentence Investigation Report.
>
> - the United States will demand forfeiture of the items set out in numbered paragraph 1.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

14. Defendant agrees to the forfeiture of any interest he or his nominees may have in the assets identified in numbered paragraph 1, which he owns or over which he exercises control:

15. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 14 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

16. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double

5

jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

17. Defendant waives and agrees to waive any rights under the Speedy Trial Act so that at sentencing the Court will have the benefit of all relevant information.

18. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

19. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

21. If the Court refuses to accept this agreement and impose sentence in accordance with its terms, this Agreement will become null and void and neither party shall be bound

thereto, and defendant will be allowed to withdraw the pleas of guilty. Similarly, the United States will be relieved of its obligations under the Plea Agreement and free to pursue any and all charges and, upon conviction, seek imposition of any sentence supported by the facts and the law.

22. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.

23. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____    4/25/17
Jo E. Lawless                       Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____  4/25/17
Richard Wayne Johnson          Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____  4/25/17
Laura Wyrosdick                Date
Counsel for Defendant

JEK:JEL:170420

8