UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                                                                            CRIMINAL NO. 3:15CR-65-TBR

RICHARD WAYNE JOHNSON                                                                    DEFENDANT

- *Electronically filed* -
**SENTENCING MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and files its memorandum in support of sentencing in this action currently scheduled for June 7, 2018.

I. Factual Background

Law enforcement officials became aware of Johnson's criminal conduct following the receipt of Cybertips from the online service provider, America Online (AOL). AOL indicated that a user was transferring child pornography by e:mail. That e:mail account traced back to Johnson. One of the Cybertips involved the transporting of child pornography on January 19, 2012. In an e:mail from the account listwithrich@aol.com to another individual, Johnson noted that he had "pics/videos to trade." In the message, he claimed to be rebuilding his child pornography collection because the laptop had been destroyed. Johnson attached a video of child pornography and asked for materials in return. The video included several clips involving three different female children under the age of six. In two of the segments, adult men were shown engaging in sexual intercourse with a child, including one where the man ejaculated on the child's body.

On February 3, 2012, AOL shut down the e:mail account listwithrich@aol.com because of illegal activity connected to the account. A person who identified himself as Richard Wayne

Johnson residing in Smithfield, Kentucky, filed a report with the United States Department of Justice Internet Crime Complaint Center. That report was forwarded to the National Center for Missing and Exploited Children for further action. In the report, Johnson admitted an interest in online pornography, but claimed to prefer women over 18 and yet on the younger scale. He provided information on a website containing child pornography and claimed to know of individuals trading child pornography. Johnson stated that he wanted to help law enforcement and asked for help in restoring the e:mail account listwithrich@aol.com.

A Kentucky State Police (KSP) Detective received the above-referenced information in August 2012. The Detective sent a subpoena to AOL to obtain subscriber information. The AOL response reflected a name and credit card of the Johnson's mother as the person being billed for the account. The Detective searched the IP address associated with the online activity and identified BellSouth.net, Inc. as the service provider. In response to a subpoena, BellSouth.net provided subscriber information with the same address Johnson had used when he filed the report with the Internet Crime Complaint Center.

On September 13, 2013, KSP received a complaint from the Oldham County EMS. A KSP Detective spoke with the Executive Director of Oldham County EMS. The Executive Director advised that he wanted to file a complaint regarding the suspicious behavior of an employee, Richard Wayne Johnson. According to the complaint, Johnson had recently signed up for an EMT refresher course. As part of signing up for that course, Johnson provided an email address mrdaddy78@yahoo.com. According to the Executive Director, the email address was unusual and raised concerns among higher ranking EMS supervisors. Supervisors searched the email address using Google and found it was linked to several sites that appeared to be dedicated to incest, daddy-daughter sex and sex with children.

At that point, the supervisors notified the Executive Director of what they had found. All of the information was saved and given to the police. The supervisors also provided written statements regarding their findings. Additionally, the supervisors recorded a phone call to Johnson and confirmed that the email address mrdaddy78@yahoo.com belonged to him.

One of the sites showed an account created by the email address mrdaddy78@yahoo.com. The listed date of birth matched that of Johnson. The "user info" portion of the site included the following: "35 yr old male looking to play with a 'daughter' around Louisville, Ky. Never had a real yung gal and would like to play with one (penetration optional). Any moms/dads/sisters want to share?" In addition, on this site, the user posted several photo albums, which were password protected. The albums were filed under the section "nudity" and included the keywords "preteen", "sex" and "young" to describe their content. The investigating Detective opened the first album titled: "someE thatZ bEen emailed to me, Zome web finds". In doing so, the Detective received the message: **"Yes I trade young. You send first."** The Detective recognized this statement as a common tactic used by individuals who engage in the trading of sexually explicit images of children because they know that law enforcement officials cannot trade such files. Therefore, by asking the other person to send a file first, the user can be assured that he or she is not communicating with a law enforcement officer.

Further review of Johnson's e:mail account (which he later admitted was his), traced to an online group where Johnson was posting requests for the trading of child pornography. One of the advertisements occurred on September 13, 2013. In the posts, Johnson included "albums" (folders filled with images of child pornography). He provided descriptions of the contents in the message – but a password was required to open the albums. Individuals interested in trading

3

child pornography with Johnson had to contact him directly to obtain the password for Johnson's "album."

Law enforcement officials executed a state search warrant at Johnson's home on or about September 17, 2013. During execution of the search warrant, Johnson consented to an interview with law enforcement. He stated that he knew why the police were there and referenced the complaint he had filed indicating a desire to turn someone in for child pornography. Johnson claimed that he had a device containing videos and pictures of child pornography that he intended to turn over to the FBI. He stated that he had sent an e:mail with child pornography attached to it in an effort to catch other offenders. He admitted to being sexually attracted to some of the images. However, he maintained that his actions were designed to catch other offenders.

Johnson later admitted that he enjoyed looking at children around the age of 14, but that he could be aroused by even younger children. He stated that he had child pornography saved in several places and that he used the images to sexually stimulate himself. Johnson denied he would every touch a child inappropriately. Johnson claimed he had not taken nude images of children – but admitted to photographing a child while she was laying down and attempted to get pictures down her shirt. Law enforcement officials found soiled girl's panties in the nightstand of Johnson's room. He admitted to having them for sexual purposes and identified the owner. He also admitted engaging in sexually explicit conversations with a female child and providing her with sex toys.

Forensic examination of Johnson's computers, and other digital devices, revealed thousands of images of child pornography (still and video). He had several labeled files where he stored the child pornography images. The labels included "preteen," "teen," "young", "very

4

young," and "ones I know." Johnson obtained the child pornography from the Internet. The collection included 3,970 still images and 40 videos. The contents of the materials depicted the sexual exploitation of little girls ranging in age from toddler to approximately 12.

## II. Crimes of Conviction

A federal grand jury sitting in Louisville, Kentucky, returned a three-count Indictment against Johnson. The charges in the Indictment included advertising, distribution and possession of child pornography – in violation of 18 U.S.C. §§ 2251(d)(1)(A), 2251(d)(2)(B) and 2251; 2252A(a)(1) and 2252A(b)(1) and 2252A(a)(5)(B) and 2252A(b)(2). The Indictment included a notice of forfeiture. Johnson pled guilty to the charges *via* a Fed. R. Crim. P. 11(c)(1)(C) written Plea Agreement.

Pursuant to the Plea Agreement, Johnson will seek imposition of a 15-year term of imprisonment. Similarly, the United States will seek imposition of a 30-year term of imprisonment. The parties agreed that a life term of Supervised Release is appropriate.

## III. Sentencing Guidelines calculations

Even in the post-*Booker* sentencing era, the Sixth Circuit Court of Appeals has reiterated the continued importance of the United States Sentencing Guidelines in the federal sentencing process. *See United States v. Anderson*, 526 F.3d 319 (6th Cir. 2008). The *Anderson* court opined that

> [a]t the outset, we note that it is unclear that an error in determining the Guidelines recommendation can ever be considered harmless post- *Gall. Gall* clearly directed the focus of sentencing courts to the Guidelines. For instance, the Court held that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. 128 S.Ct. at 596. '[T]he Guidelines should be the starting point and the initial benchmark,' so as to ensure fair sentencing 'administration and to secure nationwide consistency.' *Id.* Furthermore, the Court held, '[t]he fact that 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.' *Id.* at

5

> 596 n. 6. If the district court decides to sentence a defendant outside of the Guidelines range, then the district court 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. [The Court] f[ou]nd it uncontroversial that a major departure should be supported by a more significant justification than a minor one.' *Id.* at 597. On appeal, the Courts of Appeals 'must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range .... or failing to adequately explain the chosen sentence- including an explanation for any deviation from the Guidelines range.' *Id.*

*Id.* at 329. The *Anderson* court further noted that such a focus on the Guidelines "is consistent with the Court's other recent sentencing precedent" and went on to reference the decisions in *United States v. Booker*, 543 U.S. 220, 245-46, (2005), *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007), and *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007), to include the opinions' respective references to the role of the Guidelines. *Id*. The United States has no objection to the Guideline calculations set out in the presentence investigation report (PSR).

IV.  Criminal History

The United States concurs with the criminal history calculation as set out in the PSR.

V,  Statutory Factors

**A.  Minimum and maximum penalties**

The mandatory minimum term of imprisonment required for Count 1 is five years and the maximum is 20 years. The mandatory minimum term of imprisonment for Count 2 is 15 years and the maximum is 30 years. Finally, the maximum potential term of imprisonment for Count 3 is 20 years. The combined maximum potential penalty is 70 years' imprisonment. The combined maximum potential fine is $750,000.00. And, the applicable term of Supervised Release is not less than five years and could be any number of years up to and including life.

**18 U.S.C. § 3553(a) factors**

This Court must ultimately affix a sentence which is sufficient, but not greater than

necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). For the reasons that follow, the United States respectfully requests that the Court accept the Plea Agreement and impose a 30-year sentence to run consecutively with the undischarged term of imprisonment Johnson is currently serving for the unrelated convictions for sodomy and incest in Oldham Circuit Court Case Number 13-CR-144.

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for--

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
        . . .

    (5) any pertinent policy statement--
        . . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature and circumstances of the instant offenses are extremely serious. Johnson was engaged in the proactive advertising, trading, and possession of child pornography. His actions actively drove the market for the sexual exploitation of children. And, his collection included materials involving toddlers and adolescents being vaginally penetrated by adult men. The actions, by their very nature, caused pain and degradation to the children involved. Johnson engaged in the salacious conduct all the while carrying on a seemingly normal life in a trusted position in the community. However, the criminal conviction in Oldham Circuit Court 13-CR-144 show a different side of his personality and life. Namely, the hands-on sexual exploitation of a child.

The sentence imposed in this action should be substantial enough to adequately reflect the seriousness of the current offense, promote respect for the law, provide just punishment for the offense, deter further criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. A sentence of 360 months' imprisonment to be served consecutively with the undischarged sentence in Oldham Circuit Court 13-CR-144 meets these factors. Such a sentence will reflect the seriousness of Johnson's criminal conduct as well as promote respect for the law and give clear notice that people who engage in the sexual exploitation of children will be punished in a meaningful manner. Such a sentence also serves as a deterrent for further criminal conduct and protects the public from further crimes by Johnson. It will also afford Johnson the opportunity to participate in the valuable sex offender treatment programs and services available through the Bureau of Prisons. With regard to avoiding sentencing disparities, a 360-month sentence is in line with sentences imposed in cases with similarly situated defendants and facts.

In considering the kinds of sentences available, the proposed resolution utilizing a lengthy prison term and significant period of Supervised Release falls within the statutory framework and is less than half of the statutory maximum of 70 years. The offenses are covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. However, no restitution requests have been received.

## CONCLUSION

For the reasons set forth more fully herein, the United States respectfully requests the Court to accept the Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement and impose a sentence of 360 months' imprisonment to be served consecutively to the undischarged term of imprisonment in Oldham Circuit Court Case Number 13-CR-144, followed by a life term of Supervised Release.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
Fax (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent *via* the Court's ECF system to defense counsel on May 30, 2018.

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney