IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD JOHNSON, ) | Case No. 3:15-cr-00065 (TBR) |
| ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Richard Johnson's Motion for Modification of an Imposed Term of Imprisonment, (Mot.), Dkt. 60. The Government has responded, (Resp.), Dkt. 63. Johnson has replied, (Reply), Dkt. 64. As such, the matter is ripe.

For the reasons that follow, Johnson's Mot., Dkt. 60, is **DENIED**.

**I.    FACTUAL BACKGROUND**

A federal grand jury sitting in Louisville, Kentucky, returned a three-count Indictment against Richard Johnson charging him with advertising, distributing, and possessing child pornography—in violation of 18 U.S.C. §§ 2251(d)(1)(A), 2251(d)(2)(B), 2252A(a)(1), 2252A(a)(5)(B), 2252A(b)(1), and 2252A(a)(5)(B). Plea Agreement, Dkt. 27, ¶ 1. Johnson entered a voluntary plea of guilty to those charges. *See id.* ¶ 3. Johnson and the Government agreed to the following factual basis for the plea:

> A Cybertip from AOL indicated that a user was transferring child pornography by e:mail. The e:mail traced back to Johnson. He transported child pornography via e:mail on January 19, 2012.
>
> Further review of Johnson's e:mail account (which he later admitted was his), traced to an online group where Johnson was posting requests for the trading of child pornography. One of the advertisements occurred on September 13, 2013.

> In the posts, Johnson included "albums" (folders filled with images of child pornography). He provided descriptions of the contents in the message - but a password was required to open the albums. Individuals interested in trading child pornography with Johnson had to contact him directly to obtain the password for Johnson's "album."
>
> Law enforcement officials executed a state search warrant at Johnson's home on or about September 17, 2013. Forensic examination of Johnson's computers, and other digital devices, revealed thousands of images of child pornography (still and video). He had obtained the child pornography from the Internet.
>
> Johnson engaged in all of the conduct described above while in Oldham County, Kentucky. The images transported, possessed and advertised involved the use of children under the age of 18 engaging in sexually explicit conduct.

*Id.* ¶ 3.

This Court accepted the plea agreement and sentenced Johnson to a total of 360 months in prison followed by a life term of Supervised Release. *See* Judgment, Dkt. 58. Johnson did not seek an appeal and is projected for release on September 10, 2046. *See* Resp. at 3. Johnson now asks the Court to modify his sentence. *See* Mot.

## II.    DISCUSSION

Johnson moves the Court to modify his sentence under 18 U.S.C. § 3582. *See* Mot. at 1. In reality, however, Johnson challenges Congress' authority to pass the statutes to which he pled guilty and argues that the Government lacked standing to bring these charges.[1] *See id.* First, Johnson contends that because "the 'judicial power' of the United States does not extend to criminal cases," and "sexual exploitation of minors [is not] mentioned in the Constitution for nationwide federal regulation," his present sentence should be "render[ed] . . . 'void' and 'is a

---

[1] Even if the Court conducted an 18 U.S.C. § 3582 analysis, it still would not modify Johnson's sentence. That statute requires a movant to show that he exhausted his administrative remedies, that extraordinary and compelling reasons justify a reduction of his sentence, and that the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of relief. *See United States v. Elias*, 984 F.3d 516 (6th Cir. 2021). Johnson has not demonstrated that his case satisfies any of those requirements. *See id.* at 518; *see also* Mot.; Reply.

legal nullity.' " Reply at 5–7. Johnson also claims that the Government has not alleged "to have suffered any injury, much less an 'injury in fact' by [his] alleged conduct, therefore . . . this Court lacks the capacity to be conferred with criminal case jurisdiction." [2] Reply at 6.

Habeas challenges (like Johnson's) to the legality of a sentence based upon constitutional grounds should be brought under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence."). Motions under § 2255 are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA, which became effective in April 1996 and therefore governs this case, imposes a one-year statute of limitations for a motion to vacate a sentence: "A 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The limitation period runs from "the date on which the judgment of conviction becomes final." § 2255(f)(1).

Johnson's judgment issued on June 11, 2018. *See* Judgment. Federal Rule of Appellate Procedure 4(b)(1)(A) gave Johnson fourteen days to file a notice of appeal. Johnson did not file a notice of appeal in that two-week window. Therefore, on June 25, 2018, Johnson's judgment became final. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[T]he judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). The AEDPA

---

[2] Johnson suggests here that the Court lacks jurisdiction. *See* Mot. at 6. However, the substance of Johnson's arguments "deal not with *our* power to hear a case but with *Congress's* authority to regulate certain conduct." *United States v. Al-Maliki*, 787 F.3d 784, 791 (6th Cir. 2015); *see also Rice v. Farley*, No. CIV. 14-31, 2014 WL 2441260, at *2 (E.D. Ky. May 30, 2014) ("While individualized injury is necessary for private plaintiffs to have standing in private litigation, diffuse injuries to the general public are enough to create standing between the public (the government) and criminal defendants.") (quotation omitted).

statute of limitations on Johnson's case thus expired one year later, meaning that Johnson had until June 25, 2019, to file any timely § 2255 motion and any amendments to the motion.

Johnson's current motion is, in reality, a § 2255 motion. The motion was filed on June 13, 2022, almost three years after AEDPA's statute of limitations had run. The motion is therefore time-barred.

### III. CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** Johnson's Mot., Dkt. 60, is **DENIED**.

**IT IS SO ORDERED**

Thomas B. Russell, Senior Judge
United States District Court

August 19, 2022

cc: Richard Wayne Johnson
HAZELTON
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525
PRO SE